Good morning, Your Honors. This is Stacey Sheff for the plaintiff, Ryan Baker. The court has asked three questions in this matter that we were asked to address. Whether the plaintiff forfeited or waived the argument that the state court judgment was not on the merits as to the defendant's state of Arizona. If the issue is not waived or forfeited, was the state court's judgment as to the state on the merits? And is defendant Charles Ryan in his official capacity and privity with the state of Arizona for purposes of this suit? The court may answer all three questions in plaintiff's favor if we look behind the fiction of the distinction between defendant Ryan and the state for the purposes of the relief requested in this case, protection from assault. Throughout this suit, Ryan Baker has tried to respect the state's sovereign immunity and accommodate the state's requirements for being sued. Everything except subject himself to a potentially fatal assault. Let me try to make this, focus it for you. Those questions were meant to focus it. Start out from the premise, your opponent may disagree, that I don't think that the ruling in Baker, what you call Baker 2, the state court ruling dismissing the state was on the merits but rather simply because the state couldn't be sued either under 1983 or for a state or a cause of action. And I thought that would be a terrific argument for you to have made on appeal. But you don't seem to. So tell me. And so normally we don't address arguments that are not made on appeal. We don't address arguments that judges are clever enough to come up with. So tell us, did you make that argument? And if so, where? I made the argument that the law, the ARS 32-201.01 subsection L was unconstitutional on its face. No, but that's different than calling it unconstitutional. I mean, the state, and that's a weak argument, the state is entitled to sovereign immunity unless it waives it. Yes. So the state says, we're not going to waive our sovereign immunity from suit involving prisoners unless there's an injury. And the superior court says, okay, therefore you can't sue them under state law. Now we get to 1983, and we all know 1983 doesn't provide a cause of action against the state. The Supreme Court's told us that. So the superior court, quite correctly, I think, says, sorry, your claim against the state is no good. Correct. You still have a claim against Ryan, but I'm going to dismiss it for a separate reason, which the district court didn't think was preclusive, and I think the district court was right about that. So now we get to your appeal to us. And the question is, are you arguing that the dismissal of the state was not on the merits? And if so, where can I find that in your briefs? You are correct. The court is correct that this argument was not raised on appeal. However, the court can reach it because of the constitutional issue. What's the constitutional issue? Before the Civil War, the states had absolute power, absolute immunity from suit. They were free to murder, torture, and enslave their own people with absolute immunity. But after the Civil War, the federal government put limits on that power. Isn't there a simpler answer that this is a question of law, and we've given you both in writing an opportunity to address it without dealing with the Civil War? Yeah. We don't have to find the Arizona statute unconstitutional. Indeed, I'm not sure that's an argument you made to the district court. We just have to— In fact, what Judge Hurwitz is suggesting is that it's perfectly valid, and it just provides that you can't sue the state in this situation, and therefore the determination that— Without alleging serious physical injury, which I am saying is unconstitutional. And where did you raise that argument to the district court? It was raised in the arguments regarding whether or not it was—whether or not the— But that's not in front of us, is it? The only question here is whether the case should have been dismissed or not. And if it's not dismissed, then you can have at it with the merits one way or another. Let me suggest that you listen to what Judge Craper said. What she said is maybe you goofed and didn't make this argument on appeal, but it's a legal argument, and we have the discretion if we want to address it. Maybe we ought to let the state have a chance to respond to it, but I don't see you telling me that you actually made the argument. Am I right? Okay, yes. I will concede that I did not make the argument on appeal. I am a trial lawyer. This is my first substantial appeal. I'm not even sure you made it at trial. I don't see in the district court record an argument that this was not a judgment on the merits. Indeed, you seem to have assumed it was one at the trial. Yes. The district court analyzed the claim preclusion issue as to Defendant Ryan and stated that Ryan was in privity with the state. Right. But you have to have a judgment on the merits for that to matter. Correct. So maybe you can address the privity issue. Let's assume this was a judgment on the merits just for purposes of discussion. Why was there not privity? I believe that there was privity, and this gets to my argument, my constitutional argument, that the state's interests have been. . . Really? You think there was privity? I believe that. . . Were their interests identical? See, the state's interest was not having its sovereign immunity questioned. Correct. Either in the federal claim or the state claim. Ryan's interest was not having his actions questioned. They may have privity with respect to some items, but I'm not sure why there's privity with respect to the basis on which the state prevailed. The plaintiff sued for an injunction in state court for protection. The court found that the state was not a correct party for that action. You sued the wrong person. You should have sued individuals. Correct. However, the state demands that the state be sued whenever there's an action brought by a prisoner. So the plaintiff was trying to accommodate the state's requirements for sovereign immunity. The plaintiff sued the state. Where does the state demand that they sue the state? In the same statute under subsection F. It says that any action against the director for conditions of confinement cases shall run only against the state. So we brought it against the state. It was dismissed without prejudice, saying that the state's not subject to suit because Ryan Baker had not been assaulted yet. See, I'm in trouble. We're not here to figure out whether the state court correctly dismissed your claim against the state. That could have been the subject of an appeal to the Court of Appeals or eventually to the Arizona Supreme Court. We know it dismissed your claim against the state. We know that your federal action was only brought against Ryan, right? Yes. And so put aside whether or not the state court dismissal was correct. Put aside whether or not the state court should have allowed you to sue the state. Assume that it was a correct dismissal. And I've asked you also to assume that it was on the merits for some reason. Now, if it was on the merits, why wasn't it? Is there privity? I don't believe that the state's interests are legitimate here. And that is where the question lies. Whether it's Ryan or the state, which is why I suggest we put aside that fiction and focus on the relief requested. Because the court can reach the merits of this case because the state statute that the state court action was dismissed on is unconstitutional on its part. It doesn't matter. Counsel, I think we understand your argument. And did you want to reserve any time for rebuttal? Yes. Thank you. And we'll hear from the state. Your Honors, good morning. Christopher White on behalf of Appellee Ryan, and may it please the court. This case, which the parties and the court below alike referred to as Baker 3, is a paradigmatic example of why claim preclusion is important. It rests on the foundational principles of respect for the rule of law. We all love claim preclusion. It prevents us from having to worry about the merits of a case. My problem with this case is that I can't figure out how the judgment against the state, in favor of the state, in the state court, was on the merits. Your motion to dismiss said you can't sue us under 31, whatever the number is. You can sue individuals. And you can't sue us under 1983. You can sue individuals. And the state court judge quite correctly, and then they amended the complaint to include Ryan. State court judge quite correctly said at the end of that, you're right. The state's not an appropriate party. I'm not holding that the plaintiff in this case wasn't mistreated or doesn't have a claim for relief. I'm just holding that he has to assert it against somebody else. Correct? With respect to the Section 1983 claim in State Court Baker 2, yes, Your Honor. And with respect to this? Okay, so just focus on the 1983 claim because that's all we have in front of us. Your Honor, I'm afraid that's incorrect. The state court judgment in Baker 2 issued final judgment as to the state against common law negligence and gross negligence. Okay. No, fair enough. But it did so on the basis of it didn't say I find there's no negligence, I find that this gentleman was appropriately treated. It said I'm citing the state statute. You can't sue the state for common law negligence, et cetera, unless, as a prisoner, unless you have a physical injury and you don't allege one. Right? Your Honor. Yes or no? I think that's very, very close. I think what the court determined, Your Honor, is that plaintiff could not prevail on that cause of action because of the state's invocation of the affirmative defense laid out with that physical injury requirement. Right. So he could not – that doesn't mean he couldn't prevail against Ryan on those That in itself, Your Honor, no. Okay. So, therefore, that judgment was not on the issues that Ryan – that this plaintiff, Baker, now seeks to advance in his Federal lawsuit. Do you agree? Your Honor, I agree there was no actual litigation of the issues. Okay. That would be a relevant inquiry for an issue preclusion defense. It's also relevant for claim preclusion because the claim against the state was party under the facts of this case. There was nothing in that dismissal that made it inappropriate to sue Mr. Ryan for the – on the allegations. Correct? Your Honor, I'm not sure I follow. I believe that is correct. Let me make it easy. Let me make it easy. If, in fact, this was a decision on the merits of the claims, then Ryan's claims would have been dismissed for exactly the same reason. Because if the judgment in favor of the state was one that doomed Ryan's claims, the state judge should have dismissed them both at the same time for the same reason. He did not. What he said was, as to Ryan, you haven't served him. And the district judge in this case quite correctly said, that's not a judgment on the merits as to Ryan. So I'm still – I don't understand why the judgment in the state case adjudicated the claims against Ryan because you have to show that it involves the same claims. Your Honor, the state in Ryan does not contend that the judgment, the final judgment in Baker 2, was final as to Ryan. The state is only contending that that judgment was a final judgment as to the parties are in privity with respect to Baker 3 and that the cause of action is the same. So it comes down, in your view, to privity, right? Your Honor, yes. And apparently Ryan did argue that under the doctrine set forth in Will v. Michigan Department of State Police, Ryan here was sued in his official capacity and should be considered identical to the state. But in the alternative, if not identical, clearly in privity, under the laws of the state of Arizona, employees are almost always in privity with their employers. Let me give you a slightly different factual scenario and see if you can help me with it, because I think it will help you focus on what's troubling me. Let's assume that Baker only brings a suit in state court against the state, and the state prevails for all the reasons that it did in this case. The superior court judge says you can't sue the state for this. You didn't have a physical injury. You don't have a 1983 claim because there's no 1983 claim against the state. And then Baker comes to federal court and makes the same claims against Ryan. Would he be claim precluded from doing so? Yes, Your Honor. And, in fact, that's basically the fact pattern we have here. Really? That is the fact pattern here. That's why I'm asking. Really, so if you bring a suit against the state, and he actually attempted to include Ryan in the other ones, so it wasn't that he left him out. If you bring a suit against a state that's dismissed on jurisdictional grounds, statutory grounds, and the statutes don't give rise to a cause of action against the state, you view that as claim preclusive against all of the state employees? Your Honor, if this was truly a jurisdictional dismissal in Baker II, I would concede the point, but this was not jurisdictional. The state court had jurisdiction to entertain the cause of action that was brought. No, I agree. It said there is no cause of action on the facts you've alleged against the sovereign state of Arizona because 1983 doesn't extend to the state and because the state has an affirmative defense based on the statute, which excludes any claim being made against the state. But that affirmative defense didn't exclude any claim being made against Ryan, did it? No, and as the district court pointed out, Appellant Baker was free to serve Ryan and pursue that case in state court. Okay, so let me go back to it. Had the appellant served Ryan in the state court proceeding, would you then have been able to say we move for dismissal because the state was dismissed? No, Your Honor, because we wouldn't have had a final judgment at that point. The final judgment wasn't entered until the appellant served Ryan. Let's assume the state was dismissed under Rule 56. You know, a final judgment was entered to the state. Would you then have said Ryan can't – Baker can't sue Ryan because the state already won? Would this – I'm afraid I'm not following your hypothetical. Well, you see, my problem is I don't view the judgment in favor of the state as having anything to do with Ryan's claims – with Baker's claims against Ryan. So tell me why I'm wrong. Well, I'll emphasize it again. The judgment as to the state was a final judgment. It was final pursuant to the rules of the state of Arizona, Rule 41B, which the district court quoted in full that states any involuntary dismissal, except for one of lack of jurisdiction or a couple other exceptions that don't apply, operates as an adjudication on the merits unless it states otherwise. So then if Ryan was in privity with the state, as you argue, then why wouldn't – couldn't he just turn around in the state court proceeding and say, I'm in privity with the state, there was a final judgment in favor of the state, and therefore I win? Under that hypothetical, it seems this is the same action ongoing. If he had been dismissed and tried to pursue a new case in state court under Section 1983, then the same arguments that applied in district court for claim preclusion would have applied in the state court proceeding. Counsel, the principle that you identify, that the judgment that binds the sovereign also binds subordinate officials, is that in a statute or is that in an Arizona Supreme Court decision? Your Honor, that's in an Arizona Supreme Court decision, Arizona Downs versus Superior Court of Arizona, that states as a rule, members of a state agency are in privity to the state for subsequent action. And that's what you're relying on here? That and just the general rule, that where there's a commonality of interests or the interests are adequately represented by the prior party, that privity will generally be found. But in Arizona Downs, the predicate ruling was a ruling on the very merits of the plaintiff's claim, correct? Plaintiff, you're wrong. You don't get any relief. The state wins. Or the other way around. I forget which way it happened. I believe that is correct, Your Honor. It wasn't a ruling that the state is not an appropriate party. It wasn't. But remember, there are two claims in Baker II, the state law claims and Section 1983. Right. With respect to Section 1983, the state was not a proper party. However, state court had subject matter jurisdiction to hear a 1983 claim and had personal jurisdiction over the state having been served. Simply because appellant had the wrong complaint to state a claim upon which relief could be granted does not strip the state court of its jurisdiction. No one's saying that it does. The question is whether the Arizona Supreme Court would treat the ruling in favor of the state in this matter as claim preclusive. And my difficulty with that is that the ruling in favor of the state doesn't have to do with the merits of the claim, but rather of the plaintiff's inability to sue that particular defendant. Your Honor, our Supreme Court held in Phillips v. Arizona Board of Regents that a dismissal on motion to dismiss for failure to post a cost bond later had a preclusive effect. It never came to the merits. Instead, the plaintiff failed to meet the statutory requirements for bringing that cause of action against a state entity, the Board of Regents. It's identical in that fact to the claims here. And for the same reason, under Rule 41b, this judgment was final and on the merits as to the state. Thank you, counsel. Thank you. Ms. Schiff, you have about a minute left. Thank you. The state got its way in state court. They got to protect their sovereign immunity by saying how they can be sued and where and under what circumstances. This court can reach the issue because in order to prevent a miscarriage of justice, plaintiffs, Ryan Baker's only option at this point would be to be assaulted and then go back to state court. Thank you very much. Thank you, counsel. Well, the case just argued is submitted and we appreciate both counsel. We will be adjourned for this morning's session.
judges: O'scannlain, Graber, Hurwitz